THE CITY OF McPHERSON, *Appellee*, v. S. B. HANSON, *Appellant.*

No. 18,111.

OPINION DENYING A REHEARING.

HEADNOTE BY THE REPORTER.

HIGHWAYS — *Road Tax—City Ordinance—Penalties—Statutes.* A city ordinance requiring payment of a road tax and fixing a penalty for failure to do so was not annulled by the provisions of chapter 248 of the Laws of 1911.

Appeal from McPherson district court. Opinion denying a rehearing filed November 9, 1912. Reaffirmed. (For original opinion, see 87 Kan. 769, 125 Pac. 16.)

*W. H. Carpenter,* of Marion, for the appellant.
*P. J. Galle,* of McPherson, for the appellee.

*Per Curiam:* In a petition for rehearing it is contended that the court has ignored a substantial difference between the ordinance and chapter 248 of the Laws of 1911, which makes the ordinance void. It is insisted that under the statute the citizen is given the right to pay the tax in work while the ordinance requires payment in money. By an examination of the

statute it will be seen that the option to accept work instead of money is given to an officer of the city and not to the citizen. Section 36 of the act provides that "Nothing herein contained shall be construed to prevent the township trustee from giving the person who pays such tax the preference by employing him to labor upon the highway, to the extent of at least three dollars annually, if such person is willing to so labor." (Laws 1911, ch. 248, § 36.)    Section 15, relating especially to cities, provides that the street commissioner shall perform the duties "provided for the government of township trustees in this act." The street commissioner may therefore give the taxpayer the preference by employing him to labor to the amount of his tax. Before the enactment of this statute such taxes were payable in money "unless the commissioners of roads and highways shall when they meet recommend that all such male persons shall perform two days' work, or one day's work with a team, upon the highways, in lieu of said three dollars." (Gen. Stat. 1909, § 7291.) Under that statute the taxpayer did not have the option, but the public road commissioners of townships might, if they deemed it proper, allow payment in labor.    By the statute now in force this option is transferred to township trustees and street commissioners.

The ordinance requiring payment of the tax and fixing a penalty for failure to do so is in force, although the provision of the ordinance providing for action by the city council, before payment could be made in labor, became inoperative by the last statute which devolved that power upon the street commissioner. There is no claim that the commissioner exercised the power in this instance, or that the appellant ever requested him to do so.

The petition for rehearing is denied.